IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY HAMMOND, # 111039, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv935-TMH |
| | ) | (WO) |
| TONY PATTERSON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

The respondents have filed an answer (Doc. No. 15) in which they argue that the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Jerry Hammond ("Hammond") is, among other things, barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).

Title 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Exhibits submitted by the respondents reflect that on November 21, 2003, a jury convicted Hammond of capital murder (Resp. Exh. 6), and Hammond was thereafter sentenced to a term of life in prison without parole (*id*.). Hammond appealed, and the Alabama Court of Criminal Appeals affirmed his conviction and sentence on August 13, 2004. *See* Resp. Exh. 6. Hammond filed an application for rehearing, which was overruled on September 3, 2004. Resp. Exh. 7. Hammond did not petition for certiorari review with the Alabama Supreme Court. On September 22, 2004, the Court of Criminal Appeals issued its certificate of judgment. Resp. Exh. 8.

Because Hammond did not seek certiorari review in the state supreme court, he was not entitled to the additional 90 days for seeking certiorari review in the United States Supreme Court; therefore, his conviction became final, for federal habeas purposes, on September 22, 2004. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006). The one-year period for filing his federal petition commenced on that date. Hammond filed his federal petition on or around October 26, 2012 – more than eight years after his conviction became final.

Although Hammond filed a Rule 32 petition in the state trial court on or around December 1, 2011 (*see* Resp. Exh. 9),[1] that filing did not toll the federal limitation period, which had already expired long before Hammond filed the Rule 32 petition. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). More specifically, the federal limitation period expired on September 22, 2005 (one year after Hammond's conviction became final).

Because it appears that the one-year limitation period contained in 28 U.S.C. § 2244(d)(1) expired well before Hammond filed the instant petition, it is

**ORDERED that on or before February 5, 2013,** Hammond shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1) and for the other reasons asserted by the respondents in their answer.

Done this 15th day of January, 2013.

                                              /s/ Susan Russ Walker
                                              SUSAN RUSS WALKER
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] The trial court denied Hammond's Rule 32 petition, and the Alabama Court of Criminal Appeals later affirmed the trial court's judgment. The state court proceedings on Hammond's Rule 32 petition concluded on November 21, 2012, when the Court of Criminal Appeals issued a certificate of judgment. *See* Resp. Exhs. 9, 13, and 14.