IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERRY HAMMOND, # 111039, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:12cv935-TMH |
| ) | (WO) |
| TONY PATTERSON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Alabama inmate Jerry Hammond ("Hammond") on October 23, 2012.[1] (Doc. No. 1.) Hammond presents claims challenging the validity of his conviction and resulting sentence, entered in 2003 by the Houston County Circuit Court, for the offense of capital murder. Hammond was sentenced to life imprisonment without the possibility of parole.[2] The respondents argue (Doc. No. 15) that Hammond's habeas petition is time-barred

---

[1] Although the petition was stamped as received in this court on October 25, 2012, the envelope in which it was contained contains a postmark of October 23, 2012. There is no place on Hammond's petition on which he specifically represents the date he signed the petition or placed it in the prison mailing system. Consequently, this court will consider the postmark date of October 23, 2012, as the date of filing.

[2] Hammond's 2003 trial was his third on the capital-murder charge. His first two trials, in 1990 and 1996, resulted in convictions and death sentences. However, those convictions and sentences were overturned on appeal based on trial error. (*See* Resp. Ex. 6.)

by the one-year limitation period applicable to § 2254 petitions.  *See* 28 U.S.C. § 2244(d).[3]

Upon review of the pleadings and evidentiary materials filed in this case and the applicable law, the court concludes that no evidentiary hearing is required and that Hammond's petition should be denied as untimely.

## II.  DISCUSSION

Title 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[3] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  This Act became effective on April 24, 1996.

>  judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Section 2244(d)(1)(A) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires. *See* 28 U.S.C, § 2244(d)(1)(A).

Hammond was convicted of capital murder, a violation of § 13A-5-40(a)(2), Ala. Code 1975, on November 21, 2003, following a jury trial in the Houston County Circuit Court. (Resp. Ex. 6.) For that conviction, the trial court imposed a sentence of life in prison without the possibility of parole. (*Id*.) On August 13, 2004, on direct appeal, Hammond's conviction and sentence were affirmed by the Alabama Court of Criminal Appeals. (*Id*.) Hammond filed an application for rehearing, which was overruled on September 3, 2004. (Resp. Ex. 7.) Hammond did not petition for certiorari review with the Alabama Supreme Court. On September 22, 2004, the Court of Criminal Appeals issued its certificate of judgment. (Resp. Ex. 8.)

Because Hammond did not seek certiorari review in the state supreme court, he was not entitled to the additional 90 days for seeking certiorari review in the United States Supreme Court; therefore, his conviction became final, for federal habeas purposes, on September 22, 2004, the date on which the Alabama Court of Criminal Appeals issued its certificate of judgment. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006); Ala.R.App.P. 40(c). The one-year period for filing his federal petition commenced on that date. *See* 28 U.S.C. § 2244(d)(1)(A). Thus, absent statutory or equitable tolling, the federal

limitation period expired on September 22, 2005. Hammond filed his § 2254 petition on October 23, 2012.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Because Hammond's conviction became final in 2004, he was required to file his § 2254 petition within one year after his conviction became final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in state court.

On or around December 1, 2011, Hammond filed in the trial court an Ala.R.Crim.P. 32 petition challenging his conviction and sentence. (Resp. Ex. 9.) The trial court denied that petition, and the Alabama Court of Criminal Appeals affirmed the trial court's judgment. The Alabama Court of Criminal Appeals issued a certificate of judgment in the case on November 21, 2012. (*See* Resp. Exs. 9, 13, and 14.)

For purposes of § 2244(d)(2), the state-court proceedings on Hammond's Rule 32 petition had no tolling effect on the running of the federal limitation period, because the federal limitation period expired on September 22, 2005 – well before Hammond initiated state post-conviction proceedings with the filing of his Rule 32 petition. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not

toll the statute because no time remains to be tolled).

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Hammond. There is no evidence that any unconstitutional or illegal State action impeded Hammond from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Hammond also does not present a claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Hammond does not submit any grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631, __, 130 S.Ct. 2549, 2563 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Hammond fails to set forth any facts that demonstrate the presence of "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period. Consequently, the court concludes that Hammond is not entitled to equitable tolling.

Under the circumstances set forth above, it is apparent that the one-year limitation period contained in § 2244(d) began to run in Hammond's case on September 22, 2004, and

ran unabated for one year before expiring on September 22, 2005. As noted, Hammond filed his § 2254 petition on October 23, 2012. Consequently, Hammond's petition is time-barred and this court may not address the merits.

### III. CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before April 10, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 27th day of March, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE