IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY HAMMOND, # 111039, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv935-TMH |
| | ) | (WO) |
| TONY PATTERSON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

This court is in receipt of petitioner Jerry Hammond's objections to the Recommendation of the Magistrate Judge entered on March 27, 2014. In his objections (Doc. No. 36), Hammond contends, among other things, that the Magistrate Judge failed to address his claim of actual innocence before determining that his petition for writ of habeas corpus under 28 U.S.C. § 2254 was time-barred pursuant to the one-year limitation period in 28 U.S.C. § 2244(d) and should therefore be dismissed without addressing the merits of the claims in his petition.

Hammond did not assert a claim of actual innocence in his § 2254 petition.[1] However, a careful reading of Hammond's March 6, 2013, response to this court's order to show cause why his petition should not be dismissed as time-barred reveals that Hammond asserted in that response that he is actually innocent of the crime of which he was convicted. *See* Doc. No. 24 at 9-10. Hammond is correct in contending that this claim of actual

---

[1] *See* Doc. Nos. 1, 3, and 7.

innocence was not addressed in the Recommendation of the Magistrate Judge. *See* Doc. No. 33.

Because a petitioner's actual innocence may create an exception to application of the statute of limitation in habeas corpus proceedings, this court shall therefore determine whether Hammond has made a showing of actual innocence. *See Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

## I. Actual Innocence Standard

The interests that this court must balance in creating an exception to the statute of limitations based on actual innocence are governed by the standard set forth in *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995). In an effort to "balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," *Schlup*, 513 U.S. at 324, the Court has recognized a miscarriage-of-justice exception to procedural default. "'[I]n appropriate cases,' "the Court has said, "the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray v. Carrier*, 477 U.S. 478, 495 (1986) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). In *Schlup*, the Court adopted a specific rule to implement this general principle. It held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.

"[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

As the Supreme Court in *Schlup* observes:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

## II.  Discussion

A Houston County jury found Hammond guilty of murdering his uncle, James McNeil, during the commission of a robbery in the first degree.[2] Sandra Jackson, Hammond's co-defendant, testified for the State and maintained that she remained in a Volkswagen automobile while Hammond entered his uncle's home carrying a knife.

---

[2] Hammond received a sentence of life in prison without parole.

3

Jackson stated that she heard the sounds of a struggle and of glass breaking, and that, shortly thereafter, Hammond returned to the car still carrying the knife. According to Jackson, Hammond was also carrying a pair of blue pants that had what appeared to be wet blood on them. Jackson stated that, as Hammond drove, he removed his shirt and threw it out the car window. Jackson testified that Hammond went through the blue pants and retrieved a wallet from which he removed money. He then threw the wallet and pants out the car window, according to Jackson.

In asserting his actual innocence, Hammond states as follows:

> 23. Finally, Hammond argues that he is actual[ly] innocent of the crime upon which he stands convicted. Specifically, Hammond avers that there is new reliable Scientific Evidence that establishes that it is more likely than not that no reasonable juror would have convicted him of the offense. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).
>
> 24. Hammond has maintained his innocence since his arrest and avers there exist certain items of evidence that was not tested prior to trial and presented to the jury, because the technology to test the evidence was novel or unavailable. Those items of evidence consists of:
>
>> 1. A pair of white tennis shoes which contain two blood spots;
>>
>> 2. A Volkswagen gear shift which supposedly has blood on it;
>>
>> 3. The victim's trousers which have spots of blood on them and may have been touched by the perpetrator;
>>
>> 4. The victim's wallet which may have been touched by the perpetrator;
>>
>> 5. A gray shirt with spots of blood on it that alleged[ly]

>belongs to Hammond;
>
>6. A finger print that was removed from the refrigerator in the victim's residence;
>
>7. Some pieces of shattered window pane, and
>
>8. The victim's fingernail scrapping.
>
>25. While it could argued that some of the evidence was available at trial, Hammond's counsels fail[ed] to have certain items tested and some of the evidence could not be tested because there was no reliable technology available at the time. Specifically, 'Touch DNA.'
>
>26. Hammond has maintained that the State's key witness and alleged co-defendant, Sandra Jackson, was the perpetrator of the crime, and contends testing of the aforementioned scientific evidence, using the new 'Touch DNA' would establish that Sandra Jackson was the perpetrator and Hammond is innocent.

Doc. No. 24 at 9-10.

Hammond neither references nor presents any *actual* "new reliable evidence" to establish his innocence as a matter of fact. Consequently, he falls short of the showing necessary to fit within the actual-innocence exception under *Schlup*. His claim of actual innocence is based on the speculative possibility that DNA testing of evidence might reveal potentially exculpatory evidence. *See, e.g.*, *Cummings v. Dovey*, 2008 WL 4664975, at *5 (C.D. Cal. 2008) (finding that claim based on the assertion that DNA testing that had yet to be performed would have revealed another culprit was speculative and did not constitute the "reliable new evidence" needed to support an actual innocence claim); *Williams v. Hines*, 2013 WL 5960673, at *12 (E.D. La. 2013) (because petitioner could only speculate that

additional DNA testing would produce favorable or exculpatory results, he failed to present new, reliable evidence to establish his actual innocence).  Based on the record, there is no reason to believe that DNA testing would not prove inculpatory as to Hammond rather than exculpatory.  Moreover, even if such testing of the evidence were to be conducted, it would not necessarily lead to Hammond's exoneration as a matter of fact, because any test results could not definitively exclude Hammond as a perpetrator but would, at most, suggest the possibility of the participation of a perpetrator in addition to Hammond.

In sum, Hammond's claim in his response to this court's show-cause order is not a proper claim of "actual innocence" and is insufficient to excuse the untimeliness of his habeas petition.  His petition is therefore properly analyzed under 28 U.S.C. § 2244(d) and is due to be dismissed because it is time-barred.

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before June 3, 2014.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of May, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE